# EXHIBIT 1

|   |   |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY – SEATTLE DIVISION

| HOLMAN'S BODY & FENDER, INC. a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO.<br><br>PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, NEGLIGENT CLAIMS HANDLING, BAD FAITH, AND VIOLATION OF THE CONSUMER PROTECTION ACT |
|---|---|

COMES NOW Plaintiff Holman's Body & Fender, Inc., by and through its attorney of record, Patrick H. LePley of LePley Law Firm, and makes the following claims and allegations:

**PARTIES**

1. Plaintiff Holman's Body & Fender, Inc. (hereinafter referred to as "Holman") is a Washington corporation doing business in the city of Seattle in King County with a business location for automobile repairs and restoration located at 7301 Roosevelt Way NE, Seattle, Washington. This business location was insured

---

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, NEGLIGENT CLAIMS HANDLING, BAD FAITH, AND VIOLATION OF THE CONSUMER PROTECTION ACT3 - 1

LePLEY LAW FIRM
3633 136th Place SE, Suite 120
Bellevue, WA 98006
P: (425) 641-5353
F: (425) 747-0611

for commercial property damage with American Guarantee & Liability Insurance Company (hereinafter referred to as "American Guarantee") under Commercial Property and Liability Policy No. EPK0390958-05 on July 11, 2022, when covered losses under the policy occurred at the business property insured by American Guarantee at 7301 Roosevelt Way NE, Seattle, Washington.

2. Defendant American Guarantee, upon information and belief, has been authorized by the Insurance Commissioner of the State of Washington to transact and sell casualty, ~~disability~~, marine, ocean marine, property, surety, and vehicle insurance in the State of Washington including King County. Upon information and belief, American Guarantee is a subsidiary of Zurich American Insurance Company.

**JURISDICTION/VENUE**

3. This Court has jurisdiction over the subject matter of this Complaint and over the parties hereto.

4. Venue is proper and appropriate in King County Superior Court – Seattle Division because all parties to the litigation either reside or do business within the jurisdictional boundary of said Court.

**CONDITIONS PRECEDENT**

5. Plaintiff Holman has complied with and performed all conditions precedent to bring this action, and has fully cooperated with respect to the investigation and adjustment of losses under Plaintiff's policy.

**OPERATIVE FACTS**

6. Holman purchased commercial property insurance from American Guarantee, which was in full force and effect on July 11, 2022. All necessary premiums to enforce coverage were paid at that time.

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, FAILURE TO PAY POLICY BENEFITS, NEGLIGENT CLAIMS HANDLING, BAD FAITH, AND VIOLATION OF THE CONSUMER PROTECTION ACT - 2

LePLEY LAW FIRM
3633 136th Place SE, Suite 120
Bellevue, WA 98006
P: (425) 641-5353
F: (425) 747-0611

7. Plaintiff is the policyholder on the commercial insurance policy which covers its business in Seattle.

8. Holman is a "first party claimant" as that term is defined in the Washington Unfair Claims Settlement Practices Regulation as well as the Washington Insurance Fair Conduct Act ("IFCA"), RCW 48.30.010(7) and RCW 48.30.015(1) through (8).

9. The insurance policy sold to Plaintiff is a valid and enforceable written contract.

10. The insurance policy contains numerous coverages, including coverage for the Holman business, other structures at the premises, personal property, debris removal, code upgrades, and business expense loss.

11. The commercial insurance policy sold to Holman was an all-risk policy, meaning that it provides coverage for all risks, unless the specific risk or act is excluded.

12. Insurance companies in Washington owe their policyholders numerous duties upon the occurrence of a loss under an insurance policy.

13. Insurance companies in Washington owe their policyholders a duty of good faith and fair dealing.

14. Insurance companies in Washington owe fiduciary duties to their policyholders. They have an obligation to tell the truth, to have a lawful purpose, to deal fairly with the policyholder, and to give equal consideration to policyholders' interests as they do their own interests.

15. Insurance companies in Washington are prohibited from engaging in conduct towards their policyholders that is in any way unreasonable, frivolous, or unfounded.

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, FAILURE TO PAY POLICY BENEFITS, NEGLIGENT CLAIMS HANDLING, BAD FAITH, AND VIOLATION OF THE CONSUMER PROTECTION ACT - 3

LePLEY LAW FIRM
3633 136th Place SE, Suite 120
Bellevue, WA 98006
P: (425) 641-5353
F: (425) 747-0611

16. Insurance companies in Washington are required to conduct a full, fair, and prompt investigation of all material aspects of the insurance claim at their own expense.

17. The Unfair Claims Settlement Practices Regulation, which is found in Chapter 284-30 of the Washington Administrative Code, imposes duties and obligations on insurance companies. American Guarantee owed those duties to Holman. The Unfair Claims Settlement Practices Regulation is incorporated into this Complaint by reference. Insurance industry standards in the State of Washington require American Guarantee to comply with the Unfair Claim Practices Regulation.

18. To ensure compliance with legal and industry standards, insurance companies have a responsibility in Washington to properly train employees involved in claims handling activity and to properly supervise third party vendors or claims handlers assigned to adjust their claims.

19. To ensure compliance with legal and industry standards, insurance companies in Washington have a responsibility to supervise, evaluate, investigate, and (when necessary) discipline or terminate claim handlers, including third party vendors assigned claims handling responsibility, who fall short of legal, industry, or company standards.

20. Insurance companies in Washington must avoid fostering or creating conflicts of interest between its representatives handling claims and policyholders. An insurance company must not create financial incentives that are in any way tied to delayed or decreased payments of claims. This obligation extends to American Guarantee.

21. On or about July 11, 2022, the Holman business was significantly damaged by a negligent operator of a motor vehicle, which left Roosevelt Way at a

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, FAILURE TO PAY POLICY BENEFITS, NEGLIGENT CLAIMS HANDLING, BAD FAITH, AND VIOLATION OF THE CONSUMER PROTECTION ACT - 4

LePLEY LAW FIRM
3633 136th Place SE, Suite 120
Bellevue, WA 98006
P: (425) 641-5353
F: (425) 747-0611

high rate of speed, striking Plaintiff's business. This motor vehicle was operated by Fanta Kuribachew. Upon information and belief, Kuribachew was insured with National General Insurance Company for inadequate indemnity coverage. The Holman business was significantly damaged and destroyed as a result of this occurrence. It is reasonably believed that the amount of this loss is in excess of $1,400,000. In addition to the significant property damage to the Holman business, building, and facilities at this location, there have been subsequent and ensuing losses for ongoing damage to the property.

22. Holman promptly notified American Guarantee of the loss and made a claim under Holman's insurance policy, which was assigned Claim Number 135001751.

23. The losses as described herein are covered losses under the insurance policy sold by American Guarantee to Holman.

24. For the past several months, Holman has attempted to reach agreement with American Guarantee regarding the scope of damages to the business and the amounts that American Guarantee will pay to restore the business to its pre-loss condition. It is reasonably believed that there may be adequate structure loss limits under the American Guarantee policy to cover the property damage claims. However, negotiations regarding the scope of repair and cost of repair have moved very slowly. In fact, the compensation for the losses incurred to date, has been substantially less than estimates prepared and provided by Holman to American Guarantee by Holman's contractor, McBride Construction. Without further investigation into the reasonable cost or scope of repair, American Guarantee has recently claimed that repairs can be made for less than $500,000.

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, FAILURE TO PAY POLICY BENEFITS, NEGLIGENT CLAIMS HANDLING, BAD FAITH, AND VIOLATION OF THE CONSUMER PROTECTION ACT - 5

LePLEY LAW FIRM
3633 136th Place SE, Suite 120
Bellevue, WA 98006
P: (425) 641-5353
F: (425) 747-0611

25. At this point in time, Holman is not able to restore its business to pre-loss condition because of the delays and offers of settlement to resolve the claims made under the American Guarantee policy.

26. Holman has sustained losses and damages to his business that currently remain unpaid by American Guarantee. Holman has undertaken some repairs to the business that have not been reimbursed by American Guarantee.

27. Plaintiff has at all times fully complied with the policy and has cooperated with American Guarantee even though American Guarantee and its vendor American Claims Management, Inc. have refused to appropriately cooperate and communicate with Plaintiff.

28. American Guarantee has failed to comply with the standards that apply to first party insurers in Washington. Without limitation, American Guarantee has failed to act in good faith toward Plaintiff; failed to give equal consideration to the Plaintiff's interest; failed to conduct a full, fair, and prompt investigation; and has failed to comply with the Unfair Claims Settlement Practices Regulation.

29. Because of American Guarantee's inordinate delays in assisting Plaintiff and settling Plaintiff's damage claims, Plaintiff has incurred significant damages and additional damages to restore its business to pre-loss condition. This is proximately caused by negligent claims handling on the part of American Guarantee and its designated vendor American Claims Management, Inc.

30. A significant amount of money remains in controversy nearly more than two years after Plaintiff's loss. American Guarantee has failed to agree with Plaintiff regarding the replacement cost or repair amount that would actually restore the structure for the business.

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, FAILURE TO PAY POLICY BENEFITS, NEGLIGENT CLAIMS HANDLING, BAD FAITH, AND VIOLATION OF THE CONSUMER PROTECTION ACT - 6

LePLEY LAW FIRM
3633 136th Place SE, Suite 120
Bellevue, WA 98006
P: (425) 641-5353
F: (425) 747-0611

31. American Guarantee has prevented Plaintiff from completely restoring and rebuilding the business structure. Without knowing how much American Guarantee will actually pay for replacement and repairs, it would be financially irresponsible and in fact is financially impossible for Plaintiff to fully restore its structure to pre-loss condition.

32. The policy between Plaintiff and American Guarantee contains a provision requiring policyholders to commence contract actions within two years after the loss. Because of the contract provision, Plaintiff is compelled to initiate this litigation because American Guarantee has offered substantially less than the amount due under the insurance policy to restore, repair, and replace the business structure that was damaged on July 11, 2022.

33. American Guarantee has violated the standards applicable to insurers in Washington, which are set forth above.

## CLAIMS

### CLAIM NO. 1.
### DECLARATORY JUDGMENT – AGAINST AMERICAN GUARANTEE

34. Plaintiff incorporates all the preceding paragraphs as if fully set forth herein.

35. Plaintiff seeks a judgment from this Court declaring that it is entitled to each and every coverage provided under the policy.

36. Plaintiff seeks a judgment from this Court declaring the amount of benefits to which it is entitled to be paid.

37. Plaintiff seeks a judgment from the Court declaring that American Guarantee is estopped from asserting any time limitation in the insurance policy as a defense to coverage due to the insurer's bad faith, and a further declaration that

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, FAILURE TO PAY POLICY BENEFITS, NEGLIGENT CLAIMS HANDLING, BAD FAITH, AND VIOLATION OF THE CONSUMER PROTECTION ACT - 7

LePLEY LAW FIRM
3633 136th Place SE, Suite 120
Bellevue, WA 98006
P: (425) 641-5353
F: (425) 747-0611

American Guarantee has waived suit limitation conditions contained in its commercial property policy.

38. Plaintiff seeks a declaration that it is entitled to replacement cost coverage, which includes payment of recoverable depreciation.

39. American Guarantee is liable to Plaintiff for reasonable attorney's fees and costs under *Olympic Steamship Company v. Centennial Insurance Company*, 117 Wn.2d 37, 51-53, 811 P.2d 673 (1991) and *McGreevy v. Oregon Mutual Insurance Company*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995), because Plaintiff has been compelled to initiate litigation to recover policy benefits due and owing pursuant to the commercial property policy sold to it by American Guarantee.

## CLAIM NO. 2.
## BREACH OF CONTRACT – AGAINST AMERICAN GUARANTEE

40. Plaintiff incorporates all of the preceding paragraphs as if fully set forth herein.

41. The insurance policy with American Guarantee is a valid, enforceable contract.

42. Plaintiff is entitled to full compliance with the policy by American Guarantee. Additionally, Plaintiff is entitled to coverage and every benefit available to its business under the policy and Plaintiff seeks judgment with respect to all coverages and benefits applying to the facts of this case.

43. American Guarantee is in breach of the insurance contract by failing and refusing to pay policy benefits to Plaintiff.

44. Plaintiff has sustained damages as a result of American Guarantee's breach of contract in amounts to be proven at or before the time of trial.

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, FAILURE TO PAY POLICY BENEFITS, NEGLIGENT CLAIMS HANDLING, BAD FAITH, AND VIOLATION OF THE CONSUMER PROTECTION ACT - 8

LePLEY LAW FIRM
3633 136th Place SE, Suite 120
Bellevue, WA 98006
P: (425) 641-5353
F: (425) 747-0611

## CLAIM NO. 3.
## INSURANCE BAD FAITH – AGAINST AMERICAN GUARANTEE

45. Plaintiff incorporates all of the preceding paragraphs as if fully set forth herein.

46. American Guarantee has violated its duty of good faith and fair dealing as required by RCW 48.01.030 and it has engaged in conduct that has been unreasonable, frivolous, or unfounded.

47. American Guarantee is in violation of the provisions of the Unfair Claims Settlement Practices Regulation found at WAC 284-30.

48. American Guarantee is in violation of industry standards for the prompt and fair handling of claims.

49. Plaintiff has sustained damages as a result of American Guarantee's conduct.

50. American Guarantee is liable to Plaintiff for consequential economic and non-economic damages in addition to reasonable attorney's fees and costs in this matter.

## CLAIM NO. 4.
## CONSUMER PROTECTION ACT - AGAINST AMERICAN GUARANTEE

51. Plaintiff incorporates all of the preceding paragraphs as if fully set forth herein.

52. American Guarantee has engaged in unfair or deceptive acts or practices which have occurred in trade or commerce.

53. American Guarantee is in violation of the provisions of the Unfair Claims Settlement Practices Regulations.

54. American Guarantee's conduct has affected the public interest.

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, FAILURE TO PAY POLICY BENEFITS, NEGLIGENT CLAIMS HANDLING, BAD FAITH, AND VIOLATION OF THE CONSUMER PROTECTION ACT - 9

LePLEY LAW FIRM
3633 136th Place SE, Suite 120
Bellevue, WA 98006
P: (425) 641-5353
F: (425) 747-0611

55. American Guarantee's conduct has caused injury to Plaintiff's "business or property," as those terms are defined for purposes of the Consumer Protection Act, RCW 19.86.020.

56. Plaintiff has sustained damages as a result of American Guarantee's conduct.

57. In addition to Plaintiff's damages, American Guarantee is liable for attorney fees and costs under RCW 19.86.090.

58. A finder of fact should further order American Guarantee to pay enhanced damages to Holman under RCW 19.86.090.

## CLAIM NO. 5.
## INSURANCE FAIR CONDUCT ACT - AGAINST AMERICAN GUARANTEE

59. Plaintiff, at a future date, reserves the right to file notice of violation against Defendant American Guarantee as required by RCW 48.30.015(8) and to amend its claims and allegations against Defendant to include claims under the provisions of the Insurance Fair Conduct Act, RCW 48.30.015(7) and RCW 48.30.015(1) through (8).

## PRAYER

WHEREFORE, the Plaintiff requests that this Court:

1. Enter a declaratory judgment as stated and set forth herein;

2. Enter a money judgment against American Guarantee in amounts to be proven at or before time of trial;

3. Award enhanced damages pursuant to RCW 19.86.090;

4. Award Plaintiff its costs, disbursements, and attorney's fees to the maximum extent authorized by law and statute, including pursuant to *Olympic*

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, FAILURE TO PAY POLICY BENEFITS, NEGLIGENT CLAIMS HANDLING, BAD FAITH, AND VIOLATION OF THE CONSUMER PROTECTION ACT - 10

LePLEY LAW FIRM
3633 136th Place SE, Suite 120
Bellevue, WA 98006
P: (425) 641-5353
F: (425) 747-0611

*Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), RCW 48.30.015, and RCW 19.86.090;

    5.    Otherwise award Plaintiff its attorney fees and costs;

    6.    Award such and further relief as is just and appropriate.

DATED this 10th day of July, 2024.

                LePLEY LAW FIRM

                */s/ Patrick H. LePley*
                Patrick H. LePley WSBA No. 7071
                Attorney for Plaintiff

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, NEGLIGENT CLAIMS HANDLING, BAD FAITH, AND VIOLATION OF THE CONSUMER PROTECTION ACT3 - 11

LePLEY LAW FIRM
3633 136th Place SE, Suite 120
Bellevue, WA 98006
P: (425) 641-5353
F: (425) 747-0611